RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/1/13
          gDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ZORAN J. JOHNSON (#464804) | DOCKET NO. 1:13-CV-19; SEC. P. |
| VERSUS | JUDGE DRELL |
| WINN CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Zoran Johnson, filed *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is incarcerated at the David Wade Correctional Center (DWCC) in Homer, Louisiana. Plaintiff claims that his due process rights were violated with regard to disciplinary convictions at Winn Correctional Center (WNC), his former place of confinement. He names as defendants Gary Coleman, B. Johnson, Sargent Powell, and WNC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on September 28, 2011, he was written up for two Rule #3 (defiance) violations and one Rule #5 (aggravated disobedience) violation. He states that he was brought to a disciplinary hearing on October 10, 2011, at which time he was convicted and sentenced to fifteen days of cell confinement and ten

days of isolation. He claims that this sentence covered all three Rule Violation Reports. On October 17, 2011, Plaintiff was brought back to the disciplinary board. He alleges that he was sentenced to extended lockdown for the same three Rule Violation Reports for which he had previously been sentenced.

He also claims that he was transferred from Winn to David Wade for no reason. When Plaintiff was transferred, he was not given the opportunity to pack his personal property. Therefore, he did not have copies of his disciplinary convictions, and he was unable to timely appeal those convictions.

### Law and Analysis

**1. Screening**

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could

be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. <u>Bradley v. Puckett</u>, 157 F.3d 1022, 1025 (5th Cir. 1998).

## 2. Double Jeopardy

Plaintiff complains that he was wrongfully punished twice for the same rule violations, which constitutes double jeopardy. The double jeopardy clause applies in context of criminal proceedings; prison disciplinary proceedings are not criminal proceedings. <u>See Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974)(recognizing that prison disciplinary proceedings are not criminal in nature); <u>Smith v. Jackson</u>, 2000 WL 1598124, *1 (5th Cir. 2000) (unpublished per curiam)(noting that the right to be free from double jeopardy does not apply to prison disciplinary proceedings). Plaintiff's double jeopardy claim is frivolous.

## 3. Due Process

Plaintiff claims that his right to due process was violated because he was wrongfully transferred to another prison without his personal property. Therefore, he was unable to timely appeal his disciplinary conviction. "The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." <u>Sandin v. Conner</u>, 515 U.S. 472, 478 (1995). The federal jurisprudence holds that while the states may, under certain circumstances, create rights that implicate Due

Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

In other words, when a prisoner is lawfully incarcerated, he loses by virtue of his confinement, many of the rights and privileges that most citizens enjoy. See Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). Thus, mere changes in the conditions of confinement do not implicate due process concerns. See Madison, 104 F.3d at 768; see also Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). This includes a change from one prison to another. A prisoner has no constitutionally protected interest in being housed at a particular facility. See Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996)(citing Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995). Plaintiff could have been transferred to another facility with or without a disciplinary conviction.

Additionally, there is no federal constitutional right to an administrative appeal from a disciplinary conviction. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court outlined the due process requirements that must be present in a disciplinary proceeding, and right to an appeal was not one of them.[1] See

---

[1] In Wolff, the Supreme Court then set forth the minimum requirements of procedural due process: 1) advance written notice of the claimed violation; 2) a written statement of the factfinder as to the evidence relied on and the reason(s) for the disciplinary action taken; and 3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals. See Wolff,

4

Reneau v. Dretke, No. H-05-331, 2006 WL 270038 *7 (S.D.Tex. Feb. 3, 2006); accord Jones v. N.C. Prisoners Labor Union, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993) (holding prison grievance procedure does not confer substantive right on inmates; thus does not give rise to protected liberty interest under the Fourteenth Amendment); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991) (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988) (holding state prisoners have no legitimate claim of entitlement to grievance procedure).

Plaintiff has not alleged the denial of a protected due process interest. He lost no good time as a result of disciplinary convictions. He has not presented any allegations that he suffered an atypical and significant hardship in relation to the ordinary incidents of prison life.

## 4. Cruel and Unusual Punishment

Finally, Plaintiff claims that he was subjected to cruel and unusual punishment by way of the denial of due process. As

---

418 U.S. at 564-66.

discussed, Plaintiff received all the process to which he was due. He has failed to state a due process claim.

Moreover, a punishment only rises to the level of cruel and unusual if it involves an unnecessary and wanton infliction of pain. See Berry v. Brady, 192 F.3d 504 (5th Cir. 1999)(citations omitted). To state an Eighth Amendment claim, the prisoner must allege, objectively, conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need. Id. Plaintiff falls far short of this requirement.

### 5. 1997e

Finally, Plaintiff seeks monetary damages for mental anguish. The Prison Litigation Reform Act states in pertinent part that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See 42 U.S.C.A. § 1997e(e). The Fifth Circuit has equated §1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). In the case *sub judice*, Plaintiff has not alleged any physical injury.

### Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** as frivolous and for failing to state a claim

for which relief may be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 28th day of February, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE